# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MATTHEW BALDWIN** | : | CIVIL ACTION |
| *Petitioner, pro se* | : | |
| | : | NO. 19-1321 |
| v. | : | |
| | : | |
| **MARK GARMAN**, *et al.*, | : | |
| *Respondents* | : | |

# O R D E R

**AND NOW**, this 25th day of March 2020, upon consideration of the *pro se* petition for writ of *habeas corpus* filed by Petitioner Matthew Baldwin ("Petitioner") pursuant to 28 U.S.C. § 2254 (the "Petition"), [ECF 1], Petitioner's memorandum in support, [ECF 6], the response filed by Respondents, [ECF 16], the state court record, the *Report and Recommendation* (the "R&R") submitted on January 31, 2020, by the Honorable Richard A. Lloret, United States Magistrate Judge ("the Magistrate Judge") recommending that the Petition be denied, [ECF 17], and Petitioner's *pro se* objections to the R&R, [ECF 21], and after conducting a *de novo* review of the objections, it is hereby **ORDERED** that:

1. The *Report and Recommendation* (the "R&R") is **APPROVED** and **ADOPTED**;

2. The objections to the R&R are without merit and are **OVERRULED**;[1]

---

[1] Petitioner was seventeen years old when he was charged with the commission of the numerous criminal offenses. Following a jury trial, Petitioner was found guilty of first-degree murder, carrying a firearm without a license, carrying a firearm on public streets in Philadelphia, and possession of an instrument of crime and, subsequently, was sentenced to fifty years of incarceration. In his *habeas corpus* petition, Petitioner asserts a claim of ineffective assistance of trial counsel for failing to poll the jury after the verdict was recorded, and a claim that the sentence imposed is unconstitutional. [ECF 1]. The Magistrate Judge issued a thoroughly well-reasoned twenty-page R&R that addressed and rejected Petitioner's claims.

3. Petitioner's petition for a writ of *habeas corpus*, [ECF 1], is **DENIED**; and

4. No probable cause exists to issue a certificate of appealability.[2]

The Clerk of Court is directed to mark this matter **CLOSED**.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

In his objections to the R&R, Petitioner challenges *only* the Magistrate Judge's recommendation *with* regard to the unconstitutional aspect of the sentence. In doing so, Petitioner reiterates his previous argument that the sentencing judge effectively sentenced him to a *de facto* life without parole sentence without properly considering whether, at the time the offense was committed, he was an incorrigible juvenile offender. [ECF 21]. Petitioner again argues that this *de facto* life without parole sentence violates his Eighth Amendment right to not be subjected to cruel and unusual punishment. To support this argument, Petitioner relies on *Miller v. Alabama*, 567 U.S 460 (2012) and *United States v. Grant*, 887 F.3d 131 (3d Cir. 2018). Petitioner also cites *Mathena v Malvo*, 139 S. Ct. 1317 (2019) in support of his request to stay this matter until the Supreme Court renders a decision in *Mathena*. Petitioner also suggests that appointment of counsel might be appropriate.

Having carefully reviewed Petitioner's objections and the pertinent portions of the record, this Court finds that the Magistrate Judge considered and addressed each of Petitioner's *habeas* claims, and correctly concluded that Petitioner's claims were either unexhausted and procedurally defaulted or without merit and, therefore, determined that no grounds for relief exist. With respect to Petitioner's repeated challenge to the constitutionality of his sentence, this Court finds that the Magistrate Judge correctly concluded that the Pennsylvania Superior Court's decision was neither contrary to, nor an objectively unreasonable application of, clearly established federal law. Accordingly, Petitioner's objections are overruled, and the R&R is adopted and approved in its entirety.

This Court concurs with the Magistrate Judge's recommendation that Petitioner's request for a stay and abeyance is not warranted. Further, it appears that the *Mathena* appeal to the Supreme Court was dismissed in late February 2020. Therefore, the basis for Petitioner's request no longer exists.

Finally, this Court declines Petitioner's request for appointment of counsel in this matter.

[2] A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth in the R&R, this Court concludes that no probable cause exists to issue such a certificate in this action because Petitioner has not made a substantial showing of the denial of any constitutional right. Petitioner has not demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack,* 529 U.S. at 484. Accordingly, there is no basis for the issuance of a certificate of appealability.